## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

# 1 : CV-00-2182

Attn. Mary E. D'Andrea, Esq.

      Prothonotary's Office

      P.O. Box 1148

      Scranton, Pa 18501

FILED
SCRANTON

DEC 1 4 2000

PER _____
      DEPUTY CLERK

      RE: Michael Russell Vs. Martin F. Horn, et al. and
      Pennsylvania Board of Probation and Parole.

Dear Ms. D'Andrea_____ :

    Please be advised that the petitioner is submitting this Petition
to this Honorable Court's for it's proper review, due to the
Pennsylvania State Superior Court's failure to take action in this
matter of importance.

    Petitioner states that on September 25, 2000, he submitted a
Petition For Writ of Habeas Corpus. On October 04, 2000, the Deputy
Prothonotary Charles E. O'Connor, Jr., returned the petition back the
petitioner, with instructions to serve a copy of the petition on the
opposing party, which the clerk claim was Catherine Marshall, Esq., the
District Attorney for the County of Philadelphia. Petitioner states that
he first complied with the clerk's request, and than resubmitted his
Petition on October 12, 2000 to the Superior Court of Pennsylvania For
The Eastern District, along with an attached letter, explaining to the
Clerk, that he was not challenging a conviction in Philadelphia, but
that he was challenging his illegal detention by the Department of
Corrections, and the Pennsylvania Board of Probation and Parole, and
that if he was filing in the wrong court's, to either forward his
petition to the correct court's, or return it to him, so that he can
immediately process it in the correct court's.

1.

Petitioner states that it has been a total of thirty five (35) working business days, and forty nine (49) days in total, since he's resubmitted his Petition to the Superior Court's, and still they have not responded in any way, not even to inform the petitioner that they have received his petition and that it has been placed in some form of process, nor if the petitioner filed it in the correct court's. Therefore; the petitioner is respectfully requesting that this Honorable Court take immediate jurisdiction over this case, as per Title 28 U.S.C. §§ 1331 and 1343(a)(1),(2), and (3), in which this Honorable Court's holds jurisdiction to entertain this case.

Petitioner states that he has submitted a Motion to the Superior Court withdrawing his petition. Please see a copy of that motion hereto attached as Exhibit (A).

WHEREFORE, Petitioner respectfully request that this Honorable Court's in it's jurisdiction Accept his Petition for a Writ of Habeas Corpus, and Order that an immediate hearing be held to determine the petitioner's claims. Petitioner once again thanks this Honorable Court's for it's time and consideration in this action.

Dated: November 30, 2000

Respectfully Submitted

X. _Michael Russell_

Mr. Michael Russell, Pro-se
CM-0064 P.O. Box 256
Waymart, Pa 18472-0256

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL RUSSEL,

       Petitioner

Vs.

                                     : Civil Action No.: _____

MARTIN F. HORN, Secretary of

Corrections; RAYMOND J. COLLERAN,

Superintendent/Warden, et al. And

THE SCRANTON COMMUNITY CORRECTIONS

CENTER, AND THE PENNSYLVANIA BOARD

OF PROBATION AND PAROLE.

1 : CV 00 2182

FILED
SCRANTON

DEC 1 4 2000

PER _____ DEPUTY CLERK

**PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR**

**THIS HONORABLE COURT'S TO ORDER AN IMMEDIATE HEARING ON**

**PETITIONER'S IMMEDIATE RELEASE FROM CUSTODY UNDER 28 U.S.C. § 2254**

## I. JURISDICTION

This Honorable Court's have Original Jurisdiction to entertain and issue this Writ of Habeas Corpus pursuant to **Title 28 U.S.C. §§ 1331 and 1343(a)(1)(2) and (3).** And as per **Becton Dickinson And Co. v. Walckenhauer,** 215 F.3d 340 (3rd Cir. 2000).

## II. PARTIES

1. Petitioner Michael Russell, is an inmate incarcerated at the State Correctional Institution SCI.Waymart, P.O. Box 256, Waymart, Pa 18472-0256.

2. Respondent Martin F. Horn, is the Secretary of Corrections for the Pennsylvania Department of Corrections, at 2520 Lisburn Road, P.O. Box 598, Camp Hill, Pa 17001-0598. And is responsible for imposing all policies; and Rules and Regulations upon the Department of Corrections.

3. Respondent Raymond J. Colleran, is the Superintendent at the State Correctional Institution SCI.Waymart, P.O. Box 256, Waymart, Pa 18472-0256. And is responsible for investigating all inmates files who are returned back to the institution after being released from his institution.

1.

4.    Respondent Milton Freeman, is a Unit Manager at the State Correctional Institution SCI.Waymart, P.O. Box 256, Waymart, Pa 18472-0256, and is responsible for investigating and evaluate those inmates who are returned on violation of parole; pre-release status, and other.

5.    Respondent Robert Long, is a Correctional Counselor at the State Correctional Institution SCI. Waymart, P.O. Box 256, Waymart, Pa 18472-0256, and is responsible for properly reviewing the cases of all of those inmates which are housed in his housing units at the institution.

6.    Respondent Elaine Martin, is also a Unit Manager at the State Correctional Institution SCI.Waymart, P.O. Box 256, Waymart, Pa 18472-0256, and is also responsible for investigating inmates who are returned back to the institution on violations of prison or pre-release centers conditions.

7.    Respondent Dennis Burke, is also a Corrections Counselor at the State Correctional Institution SCI.Waymart, P.O. Box 256, Waymart, Pa 18472-0256, and is also responsible for properly reviewing the cases of those inmates who are housed in his housing unit at the institution.

8.    Respondent John McGwire, is the Director of the Community Corrections Center, at 240 Adams Avenue, Scranton, Pa 18503, and is responsible for what goes on at the CCC Center, and for investigating all cases in which an inmate who is housed at the center, is to be sent back to the Correctional Institution where they were released from, before that inmate is returned.

9.    Respondent Paul Bigler, is an Correctional Community Corrections Counselor, and is responsible for investigating any claims of violations that may have been violated by an inmate who is housed at the CCC Center before that inmate could be returned. Respondent is also responsible for preparing all reports, and misconducts that are imposed upon an inmate who is housed at the CCC Center, and for submitting those reports and misconducts to the Superintendent of the Correctional Institution where that inmate is being returned, for the Superintendent's review.

2.

## III. ARGUMENT

Petitioner argues that he is being illegally detained by both the Pennsylvania Department of Corrections, and the Pennsylvania Board of Probation and Parole.

Petitioner argues that his Fifth (5th) and Fourteenth (14th) Amendment Rights protected by the Constitution, were violated by the Department of Corrections; the Pennsylvania Board of Probation and Parole, and by the respondents at the Scranton Correctional Community Center.

Petitioner argues that on or about August or September of 1998, he was granted pre-release by the Department of Corrections, and was released on September 21, 1998, to a halfway house in Scranton Pennsylvania. Petitioner was to serve ten (10) months in the halfway house, without receiving any misconducts, or bad reports from the Center.

Petitioner argues that on October 09, 1998, he obtained employment at Prefer Meals Food Distributor, at 4135 Birney Avenue, Moosic, Pa, and remained there until December 21, 1998, when he had obtain a better position at the Community Medical Center, located at 1800 Mulberry Street, Scranton, Pa 18503, as a housekeeper/medical janitor, in which petitioner remained there until he was sent back to the State Correctional Institution SCI.Dallas on September 05, 1999 , for an mere investigation on some information that later turned out to be false.

Petitioner further argues that he was held at SCI.Dallas for five weeks, and was than returned to SCI.Waymart where he remains till this day, without having a hearing by either the Halfway House, or the Department of Corrections, to determine the reason for petitioner was returned back from the Center, and why he has not been returned back to the Center after the investigation was complete.

3.

Petitioner now argues that on August 30, 1999 he was granted parole by the Pennsylvania Board of Probation and Parole while he was in the Center, and on October 10, 1999, the Board rescinded it's decision entered on August 30, 1999, solely because the petitioner was returned back to the institution from the Center. Petitioner argues that he is now receiving hits from the parole board for no reason at all, without violating any of the conditions of his release, nor any of the rules and regulations of the Center.

Petitioner argues that the Department of Corrections policies under policy numbers (DC-ADM 801), and (DC-ADM 802), both state that an inmate who is returned from administrative custody for investigative purposes, shall not be held more than ten (10) days without having a hearing to determine the inmates return from administrative custody, an additional (10) days may be approved by the Superintendent of the institution where the inmate is returned, or by the director of the Center in which the inmate was housed.

Petitioner argues that he was not given any hearing, nor was he informed of the reasons for his re-incarceration. Petitioner was just told that he was being sent back for an investigation, concerning a statement that was given to the respondents at the Center, by a confidential informant, claiming that the petitioner was selling drugs, petitioner's area was searched by the respondents at the Center, in which fifteen hundred ($1,500) dollars was found.

Petitioner argues that on August 24, 1999, he was given a total of nine hundred ($900.00) dollars, by respondent Paul Bigler, to obtain a legal residence. Again on August 30, 1999, petitioner was given another one hundred ($100.00) dollars, to put with the first ($900.00) that was issued by respondent Paul Bigler to the petitioner for obtaining a legal residence to parole to, because the petitioner had already been granted parole, but had to await an approved home plan. This information was in the petitioner's files at the Center, and was available for the respondents to review upon their investigation of the petitioner's return back from the Center. Also available, was information that proved

4.

that the petitioner had received an additional five hundred ($500.00),
from his girlfriend, to help the petitioner with obtaining his home plan
for parole.

## VI. REASONS WHY THIS WRIT SHOULD BE ISSUED
## AND PETITIONER RELEASE FROM CUSTODY ON PAROLE

(A). The respondents at the Scranton Correctional Community Center,
improperly removed the petitioner from the Center, without first
conducting a hearing to determine whether or not the petitioner should
have been returned to the institution where he was released from, as
required by the Rules and Regulations of the Center.

(B). The respondents at the Correctional Community Center fail to
adhere by the policies which were employed by the Department of
Corrections, upon the Community Center.

(C). Respondents Raymond J. Colleran; Milton Freeman, and Robert
Long, all refused to properly investigate the reasons for the
petitioner's return from the Community Center, without cause, or
sufficient information to require the petitioner's return to prison.

(D). Petitioner was unlawfully returned from the Community Center,
without sufficient cause. Because the Petitioner was purposely denied
his right to a fair hearing before an hearing examiner, as required by
both; the Rules and Regulations at the Community Center, and by the
Policies imposed by the Department of Corrections.

(E). Respondents Freeman, and Long, both conspired to withhold
vital information, from the Pennsylvania Board of Probation and Parole,
which would have prevented the Board from rescinding it's prior decision
filed on August 30, 1999, granting the petitioner parole. The petitioner
states that the above respondents where informed by the petitioner, that
the money that was found, was given to him, by the staff at the

**5.**

Community Center, and the petitioner's girlfriend, for obtaining an approved home plan, so that he could be released from the Center, but did not investigate this matter, which could have been proven by both the petitioner's records kept at the Center, and by a money order, which the petitioner's girlfriend had to prove that she had given the petitioner ($500.00) extra dollars, to put with the ($1,000.00), that he had received from the Community Center, instead; the above respondents purposely withheld this information from the Board. Petitioner states that this forced the Board to violate the petitioner's liberty interest, by rescinding it's prior decision granting the petitioner parole on or about August 30, 1999.

(F). Petitioner states that since he was returned which was on September 05, 1999, the Board nor the institution has held a Revocation hearing on his return, and the Board just continues to give the petitioner parole hits, for no reason at all, once again violating the petitioner's due process rights to a hearing before a hearing examiner.

(G). Due process of law under the Pennsylvania and United States Constitutions would be offended by the fundamentally unfair result of revocation of parole while under custody of pre-release center, on the basis of information obtain by an unreliable source, which later turned out to be false.

(H). Petitioner's right to a prompt violation or misconduct hearing on his return from the Pre-release Community Center, as guaranteed by the Due Process clauses, in which both the Rules and Regulations of the Center, and the Policies imposed by the Department of Corrections were enacted by the State of Pennsylvania.

(I). This case is of immediate significant widespread importance, because both the respondents and the Board has informed petitioner that it considers this Court's and other Court's decision in Commonwealth v. Brown, Supra, inapplicable to it's proceedings. The issue is presented of whether controlling precedent of this Court and of the United States

6.

Court of Appeals, and the prior decisions in the U.S. Supreme Court, can be and will be allowed to be ignored by the respondents and it's administrative body which are charged with the responsibility of governing the entire system of State Parole and Pre-release statues in Pennsylvania.

## VII. CONCLUSION

WHEREFORE, The petitioner respectfully requests that this Honorable Court's in it's Jurisdiction, issue an immediate Writ of Habeas Corpus, in favor of the petitioner, and order the respondents to hold an immediate hearing to determine if the information prepared by the Scranton Correctional Community Center, was sufficient enough to warrant the petitioner's return to the institution, and also to determine whether or not the petitioner in fact violated any of the conditions of confinement; supervised release, or stipulations of probation and parole. Also to determine whether or not the petitioner was denied a prompt hearing by the Community Center, and the Department of Corrections per policy. It is further requested that, this Honorable Court's order the respondents to respond to hold a hearing within twenty (20) days of this Court's order, and if the information that was supplied by the Community Center was insufficient to sustain the petitioner's return back to the institution, an order be entered against the respondents, ordering them to immediately release the petitioner back to the Community Center for a total of twenty (20) days, and than released on parole to an approved home plan. Finally, it is requested that this Honorable Court's appoint counsel to represent the petitioner in filing an amended petition to this petition if needed. Petitioner respectfully thanks this Honorable Court's for it's time and consideration in this case.

Dated: November 30, 2000

Respectfully Submitted

X. _Michael Russell_

Mr. Michael Russell, Pro-se

CM-0064 P.O. Box 256

Waymart, Pa 18472-0256

7.

## CERTIFICATE OF SERVICE

      I, __Michael Russell__ , Hereby certify that on this 30th day of November 2000. I sent the following party/parties below a copy of the enclosed __Petition For Writ of Habeas Corpus And Request For Immediate Hearing On Detention__ . By placing said Response in the Prison's U.S. Mail Box on the above date for immediate forwarding to the party/ parties below:

Mary E. D'Andrea  
Clerk of Courts  
U.S. District Courthouse  
P.O. Box 1148  
Scranton, Pa 18501

Mike Fisher, Esq.  
Office of the Attorney General  
16th Floor, Strawberry  
Harrisburg, Pa 17120

Martin F. Horn  
Secretary Of Corrections  
2520 Lisburn Road  
P.O. Box 598  
Camp Hill, Pa 17001-0598

Raymond J. Colleran  
Superintendent  
SCI.Waymart, P.O. Box 256  
Waymart, Pa 18472-0256

John McGwire  
Director  
240 Adams  
Scranton, Pa 18503

      I Affirm under the penalty of perjury, that the above statement is a correct and true one.

Dated: __November 30, 2000__

Respectfully Submitted

X. _Michael Russell_

Mr. Michael Russell, Pro-se  
CM-0064 P.O. Box 256  
Waymart, Pa 18472-0256

## IN THE SUPERIOR COURT OF PENNSYLVANIA

### EASTERN DISTRICT

MICHAEL RUSSELL,                          :

          Petitioner              :

     Vs.                               : Civ. No._____

                             :

MARTIN F. HORN, Secretary of              :

Corrections; RAYMOND J. COLLERAN,         :

Superintendent/Warden, et al.             :

SCRANTON COMMUNITY CORRECTIONS            :

CENTER, AND THE PENNSYLVANIA BOARD        :

OF PROBATION AND PAROLE,                  :

          Respondents.            :

## MOTION TO WITHDRAW PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS FROM THIS HONORABLE COURT AND PETITIONER'S REQUEST TO HAVE THIS HONORABLE COURT FORWARD PETITIONER'S PETITION TO THE CLERK OF COURTS FOR THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Petitioner states that he has decided to proceed with his petition in the United States District Court for the Middle District of Pennsylvania.

Petitioner further states that he has filed his petition with this Honorable Court's since October 12, 2000, and has not yet received an response from this Court, and because it's been thirty five (35) business days, and forty nine (49) days in total since this Honorable Court has not responded to the petitioner's petition, petitioner takes it that this Honorable Court's does not intend to entertain this his petition.

1.

WHEREFORE, Petitioner respectfully requests that this Honorable Court's in it's Jurisdiction withdraw petitioner's Petition for Writ of Habeas Corpus from the court's, and immediately forward any and all actions already taken, to the United States District Court Clerk for the Middle District of Pennsylvania for immediate processing of petitioner's Writ to the District Court. Petitioner respectfully thanks this Honorable Court's for it's time and consideration in this matter.

Dated: November 29, 2000

Respectfully Submitted

X. _Michael Russell_

Mr. Michael Russell, Pro-se

CM-0064 P.O. Box 256

Waymart, Pa 18472-0256

2.

## CERTIFICATE OF SERVICE

I, __Michael Russell__, Hereby certify that on this 29th day of November 2000. I sent the following party/parties below a copy of the enclosed __Motion To Withdraw Petition For Writ Of Habeas Corpus__ _____. By placing said Response in the Prison's U.S. Mail Box on the above date for immediate forwarding to the party/ parties below:

Mary E. D'Andrea
Clerk of Courts
U.S. District Courthouse
P.O. Box 1148
Scranton, Pa 18501

Mike Fisher, Esq.
Office of the Attorney General
16th Floor, Strawberry
Harrisburg, Pa 17120

Martin F. Horn
Secretary Of Corrections
2520 Lisburn Road
P.O. Box 598
Camp Hill, Pa 17001-0598

Raymond J. Colleran
Superintendent
SCI.Waymart, P.O. Box 256
Waymart, Pa 18472-0256

John McGwire
Director
240 Adams
Scranton, Pa 18503

I Affirm under the penalty of perjury, that the above statement is a correct and true one.

Dated: __November 29, 2000__

Respectfully Submitted

X. __Michael Russell__

Mr. Michael Russell, Pro-se
CM-0064 P.O. Box 256
Waymart, Pa 18472-0256