*seal*

⑭
3-14-01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL RUSSELL,           :
                           :
       Petitioner          :
                           :
  v.                       :   CIVIL NO. 1:CV-00-2182
                           :
MARTIN F. HORN, ET AL.,    :   (Judge Caldwell)
                           :
       Respondents         :

FILED
HARRISBURG, PA

MAR 1 3 2001

MARY E. D'ANDREA, CL
PER _____
             DEPUTY CLERK

ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 14, 2000, Michael Russell, an inmate at the State Correctional Institution, Waymart, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is the petitioner's motion for appointment of counsel.

Although prisoners have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas corpus proceeding, a court does have broad discretionary power to appoint counsel under 18 U.S.C. § 3006A(a)(2).[1] <u>Reese v.</u>

---

1. Any person seeking relief under 28 U.S.C. §§ 2241 or 2254 may be provided counsel, "whenever the United States magistrate or

Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985).

A court must consider several factors in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the factual and legal issues in the case and the pro se petitioner's ability to investigate facts and present claims. Reese, 946 F.2d at 263 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). For example, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

---

the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

2

In this case, there appear to be no circumstances which warrant the appointment of counsel at this time. The court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with petitioner's apparent ability to litigate this action pro se, militate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for a hearing, and the court can not say, at least at this point, that petitioner will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, petitioner's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the petitioner.

AND NOW, this 13TH day of March, 2001, it is ordered that Petitioner's motion for appointment of counsel (doc. 5) is denied.

WILLIAM W. CALDWELL
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

March 13, 2001

Re: 1:00-cv-02182    Russell v. Horn

True and correct copies of the attached were mailed by the clerk to the following:

Michael Russell
SCI-WAYMART
CM-0064
P.O. Box 256
Route 6
Waymart, PA  18472-0256

Michael L. Harvey, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, PA  17120

cc:
Judge                         (✓)           (✓) Pro Se Law Clerk   VanWie
Magistrate Judge              ( )           ( ) INS
U.S. Marshal                  ( )           ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( ) with Petition attached & mailed certified mail
                                  to: US Atty Gen ( )    PA Atty Gen ( )
                                      DA of County ( )   Respondents ( )
Bankruptcy Court              ( )
Other_____  ( )

MARY E. D'ANDREA, Clerk

DATE: 3/13/01                    BY: _____
                                     Deputy Clerk