**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RUSSELL, | : | |
| Petitioner | : | Civil No. 1:CV-00-2182 |
| v. | : | |
| MARTIN HORN, et al., | : | (Judge Caldwell) |
| Respondents | : | |

FILED
HARRISBURG
MAR 16 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

## RESPONDENTS' ANSWER TO PETITION FOR HABEAS CORPUS

Respondents hereby answer to petition for habeas corpus as follows:

1. Michael Russell is presently serving a sentence of not less than five, nor more than ten, years of incarceration for robbery, possession of an instrument of a crime and conspiracy. His minimum sentence expired on July 20, 1999, and his maximum expiration date is presently July 20, 2004.

2. Russell was received into the state correctional system on August 2, 1994.

3. On November 7, 1994, Russell was transferred to the State Correctional Institution at Waymart.

4. Russell was approved for a pre-release residency program in the Scranton Community Corrections Center, and he was transferred there on September 21, 1998.

5. On September 5, 1999, at approximately 7:10 P.M., a confidential informant came to the Scranton Community Corrections Center and reported to staff there that Russell was selling narcotics.

6. Staff made a security check of Russell's locker. They found no evidence of

narcotics but, instead, discovered $1,500.00 in small denominations and numerous pairs of shoes.

7.  At the time of the security check, Russell was employed in the maintenance department of the Community Medical Center in Scranton and was earning $7.50 per hour.

8.  Russell was confronted with this evidence and was asked for an explanation of how he came to posses the $1,500.00 and the shoes. At the time, Russell did not provide a plausible explanation to staff for how he obtained the clothes and cash.

9.  On September 5, 1999, Russell was transferred to the State Correctional Institution at Dallas pending the outcome of an investigation into the allegations of the informant.

10.  An administrative custody hearing was conducted on September 9, 1999. At that time it was determined to keep Russell in administrative custody at SCI-Dallas until he was medically cleared for transfer back to SCI-Waymart. Attached hereto as Exhibit A is the record of the administrative custody proceedings.

11.  On October 13, 1999, Russell was returned to SCI-Waymart.

12.  The investigation was completed but no criminal charges or institutional misconduct charges were ever brought against Russell based on the allegations of the confidential informant. Because, however, the evidence raised questions about Russell's possible involvement in narcotics sales, it was determined that he would not be returned to the Scranton Community Corrections Center. Russell has never had a hearing on the decision to keep him at SCI-Waymart.

13.  On August 30, 1999, Russell's parole was approved, pending an approved plan. Russell, however, was never signed out on parole. On October 14, 1999, the Board rescinded

2

their action approving parole due to this return from the community corrections center. Attached hereto as Exhibit B are copies of the Board action.

14. Russell did not have a hearing prior to the rescission of his parole approval.

15. Russell has not exhausted state remedies. The only appropriate habeas relief which Russell has requested is release on parole. A decision of any statewide official including members of the parole board can be brought by petition for review in Commonwealth Court. Russell has not done this and, therefore, has not exhausted available administrative remedies.

16. Respondents have not violated Russell's right to due process as contended in his petition because he had no liberty interest either in the approval for parole or in his pre-release status. See Jago v. Van Curen, 454 U.S. 14 (1981)(until a prisoner is actually released, parole may be rescinded without a hearing with no violation of constitutional rights); Clark v. Neal, 890 F.Supp. 345, 351 (D.Del. 1995)(refusal to readmit to pre-release program does not constitute "atypical and significant hardship" and does not require a hearing).

WHEREFORE, the petition for habeas corpus should be denied.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: *[signature]*

MICHAEL L. HARVEY
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

15th Floor, Strawberry Square
Harrisburg, PA 17120
PHONE: (717) 783-6896
FAX: (717) 772-4526
DATE: March 16, 2001

3

EXHIBIT A

| FORM DC-141 Rev. 6-84 | PART I | COMMONWEALTH OF PENNSYLVANIA | | A 095233 |
|---|---|---|---|---|
| ☐ MISCONDUCT REPORT ☒ OTHER | | DEPARTMENT OF CORRECTIONS | | |

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| CM0064 | Russell, Michael | SCID | 23:45 | 9-5-99 | 9-5-99 |

| Quarters | Place of Incident |
|---|---|
| MC | |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** Administrative Custody

**STAFF MEMBER'S VERSION** You are being placed in RHU (MC) because of your return from Scranton CCC on Report # 637882.

**IMMEDIATE ACTION TAKEN AND REASON** Hold for PRC A/C Status

**PRE-HEARING CONFINEMENT**

| | IF YES | | | | |
|---|---|---|---|---|---|
| ☐ YES | TIME | DATE | | | |
| ☐ NO | | | ☐ REQUEST FOR WITNESSES AND REPRESENTATION | FORMS GIVEN TO INMATE | ☐ INMATE'S VERSION |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY — SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| | Capt Mullin | DATE 9-6-99 / TIME 24 HOUR 0100 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER DATE ___ TIME ___ | Misconduct Category ☐ CLASS I ☐ CLASS 2 | Signature of Person Serving Notice |

**NOTICE TO INMATE**
You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

MC

| FORM DC-141 Rev. 6-84 | PART I | COMMONWEALTH OF PENNSYLVANIA | | | 637882 |
|---|---|---|---|---|---|
| ☐ MISCONDUCT REPORT ☑ OTHER | | DEPARTMENT OF CORRECTIONS | | | |
| DC Number CM0064 | Name Russell, Michael | Institution CCC Scranton | Incident Time 24 Hr. Base 19:10 | Incident Date 9-5-99 | Date of Report 9-5-99 |
| Quarters | Place of Incident Scranton Corrections Center | | | | |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** Administrative Return of CM 0064 Michael Russell

**STAFF MEMBER'S VERSION** On 9-5-99 at approximately 19:10 a confidential informant came to Scranton CCC and alleged that Michael Russell was involved in the sale of narcotics.

A search of Mr Russell's locker by center staff found $1500 in cash in the inside pocket of a jacket belonging to Mr Russell.

This amount of money is inconsistent with Mr Russell's earned income or the amount he has saved in his Resident's account. As of 9-5-99 his Resident indicated a balance $544.61

**IMMEDIATE ACTION TAKEN AND REASON** Mr Russell was returned to the State Correctional Institution at Dallas on 9-5-99 pending the outcome of an investigation of the allegations

**PRE-HEARING CONFINEMENT**

| | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☐ YES | | |
| ☐ NO | | |

**FORMS GIVEN TO INMATE**
☑ REQUEST FOR WITNESSES AND REPRESENTATION   ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| Paul J Beglin CCLS | Paul J Beglin Corrections Counselor | DATE 9-5-99  TIME 24 HOUR BA 22:35 |
| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER DATE 9-7-99   TIME 22:35 | Misconduct Category ☐ CLASS 1  ☐ CLASS 2 | Signature of Person Serving Notice Tracy Talanca |

**NOTICE TO INMATE**
You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

WHITE—DC-15      YELLOW—Inmate Cited      PINK—Staff Member Reporting Misconduct      GOLDENROD—Deputy Superintendents

| DC-141 PART III<br>PROGRAM REVIEW COMMITTEE ACTION<br>☐ Misconduct Appeal ☐ Periodic Review ☒ Other | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS | | | |
|---|---|---|---|---|
| DC Number<br>CM-0064 | Name<br>RUSSELL, Michael | Institution<br>SCID | Date of Review<br>9-09-99 | No. from PART I<br>637882 |

**PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE**

An Administrative Custody Hearing was conducted the date by PRC.

Inmate Russell was returned from the Scranton CCC due to aroused suspicions surrounding Russell's possession of $1,500.

Russell is currently being medically cleared at SCI-D. At this point, Scranton authorities are looking into the matter. Russell's parent institution is SCI-Waymart and he will be returned to Waymart when medically cleared. Russell is not classified to this institution, therefore, he is continued on AC status.

**DECISION RELATIVE TO HEARING COMMITTEE'S VERDICT**

☒ Not Applicable   ☐ Sustain   ☐ Sustain-Amend   ☐ Refer Back For Further Study   ☐ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| N. Demming   CPM | N. Dem | 9-9-99 |
| T. Stachelek   DSCS | | |
| C. Coleman   Capt. | Capt Coleman | |

WHITE—DC-15    YELLOW—Inmate Cited    PINK—Staff Member Reporting Misconduct    GOLDENROD—Deputy Superintendent

EXHIBIT B

NOTICE OF BOARD DECISION
PBPP-15(6/96)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

DATE: 08/30/1999

CLIENT NAME: MICHAEL RUSSELL          PAROLE NO: 619AF
INSTITUTION: SCI - DALLAS             INSTITUTION NO: CM0064
(SCRANTON COMMUNITY CORRECTIONS CENTER)

AS RECORDED ON 08/30/1999 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF
PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY OF
THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CAN BE ACHIEVED
THROUGH YOUR RELEASE ON PAROLE. YOU THEREFORE ARE:

PAROLED TO AN APPROVED PLAN.
BEFORE YOU CAN BE RELEASED, YOU SHALL PROVIDE PROOF OF PAYMENT OF AT LEAST
$30.00 OF MANDATORY COURT COSTS WHICH WILL BE SHARED BY THE CRIME VICTIMS'
COMPENSATION BOARD AND THE PA COMMISSION ON CRIME AND DELINQUENCY IN
ACCORDANCE WITH 71 P.S. SECTION 180-7.17.

UPON YOUR RELEASE ON PAROLE, YOU SHALL BE EVALUATED TO DETERMINE YOUR NEED FOR
DRUG/ALCOHOL TREATMENT. PRIOR TO THE EVALUATION BEING CONDUCTED, YOU SHALL BE
REQUIRED TO SIGN THE APPROPRIATE RELEASE FORM FOR CONFIDENTIAL INFORMATION.
IF THE EVALUATION REVEALS THAT TREATMENT IS INDICATED, THIS SPECIAL CONDITION
OF PAROLE SHALL BE AMENDED TO INCLUDE OTHER APPROPRIATE SPECIAL CONDITIONS
IMPOSED BY YOUR PAROLE AGENT--MANDATORY.

YOU MUST SUBMIT TO URINALYSIS TESTING, MANDATORY.
YOU SHALL NOT CONSUME OR POSSESS ALCOHOL UNDER ANY CONDITION OR FOR ANY

(CONTINUE ON PAGE 2)

CC: DISTRICT ATTORNEY
CC: COMMUNITY CORRECTIONS CENTER

INSTITUTION

KATHLEEN ZWIERZYNA
BOARD SECRETARY

NOTICE OF BOARD DECISION
PBPP-15(6/96)

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE: 08/30/1999

CLIENT NAME: MICHAEL RUSSELL
INSTITUTION: SCI - DALLAS
(SCRANTON COMMUNITY CORRECTIONS CENTER)

PAROLE NO: 619AF
INSTITUTION NO: CM0064

AS RECORDED ON 08/30/1999 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

(CONTINUED FROM PAGE 1)
REASON--MANDATORY.
YOU SHALL NOT ENTER ESTABLISHMENTS THAT SELL OR DISPENSE ALCOHOL (EXCEPT AS
APPROVED BY THE SUPERVISION STAFF)--MANDATORY.
YOU SHALL NOT DIRECTLY OR INDIRECTLY CONTACT OR ASSOCIATE WITH PERSONS WHO
SELL OR USE DRUGS OUTSIDE A TREATMENT SETTING.

YOU SHALL MAINTAIN EMPLOYMENT AS APPROVED BY PAROLE SUPERVISION
STAFF--MANDATORY.
YOU SHALL ENGAGE IN AN ACTIVE JOB SEARCH DURING ANY PERIOD OF UNEMPLOYMENT AND
PROVIDE VERIFICATION AS DIRECTED BY THE PAROLE SUPERVISION STAFF.

YOU SHALL NOT HAVE CONTACT WITH VICTIM(S) OR VICTIM'S FAMILIES, INCLUDING
CORRESPONDENCE, TELEPHONE CONTACT, OR COMMUNICATION THROUGH THIRD
PARTIES--MANDATORY.

YOU SHALL BE PLACED ON CURFEW RESTRICTIONS FOR 60 DAYS AND DURING PERIODS OF
UNEMPLOYMENT--MANDATORY.

YOU SHALL PAY A MONTHLY SUPERVISION FEE OF $25.00 TO THE PAROLE BOARD WHEN

(CONTINUE ON PAGE 3)

CC: DISTRICT ATTORNEY
CC: COMMUNITY CORRECTIONS CENTER

INSTITUTION

KATHLEEN ZWIERZYNA
BOARD SECRETARY

NOTICE OF BOARD DECISION
PBPP-15(6/96)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

DATE: 08/30/1999

```
CLIENT NAME:   MICHAEL RUSSELL                    PAROLE NO:      619AF
INSTITUTION:   SCI - DALLAS                       INSTITUTION NO: CM0064
              (SCRANTON COMMUNITY CORRECTIONS CENTER)
```

AS RECORDED ON 08/30/1999 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

(CONTINUED FROM PAGE 2)
UNDER SUPERVISION WITHIN THE COMMONWEALTH OF PENNSYLVANIA (ACT 35 OF 1991).

WHEN RELEASED TO THE COMMUNITY YOU MUST REPORT IN PERSON TO THE DISTRICT OFFICE OR SUB OFFICE WITHIN 24 HOURS (MONDAY THROUGH FRIDAY) BETWEEN THE HOURS OF 8:30 A.M. - 5:00 P.M.

MAX. DATE 07/20/2004                    KLD 8/30/99



CC: DISTRICT ATTORNEY
CC: COMMUNITY CORRECTIONS CENTER

INSTITUTION

*Kathleen Zwierzyna*
KATHLEEN ZWIERZYNA
BOARD SECRETARY

NOTICE OF BOARD DECISION
PBPP-15(6/96)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

DATE: 10/14/1999

CLIENT NAME: MICHAEL RUSSELL  PAROLE NO: 619AF
INSTITUTION: SCI - DALLAS  INSTITUTION NO: CM0064

AS RECORDED ON 10/14/1999 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

RESCIND BOARD ACTION, RECORDED ON 08/30/99,
DUE TO RETURN TO THE INSTITUTION FROM COMMUNITY CORRECTION CENTER; AND NOW:

BE REVIEWED ON NEXT AVAILABLE DOCKET.

*MEMO 09/29/99*
*KLS 10/14/99*



RECEIVED-PBPP
1999 OCT 26 AM 10:37
SCI-WAYMART

CC: DISTRICT ATTORNEY

INSTITUTION

*Kathleen Zwierzyna*
KATHLEEN ZWIERZYNA
BOARD SECRETARY

NOTICE OF BOARD DECISION
PBPP-15(6/96)

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE: 12/31/1999

CLIENT NAME: MICHAEL RUSSELL
INSTITUTION: SCI - WAYMART

PAROLE NO: 619AF
INSTITUTION NO: CM0064

AS RECORDED ON 12/31/1999 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY OF THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE. YOU ARE THEREFORE REFUSED PAROLE AND ORDERED TO:

BE REVIEWED IN OR AFTER JUNE, 2000.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:
WHETHER YOU HAVE MAINTAINED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.
WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT OF CORRECTIONS PRESCRIPTIVE PROGRAM(S).

*KLS 12/31/99*

RECEIVED-PBPP
2000 JAN 12 AM 10: 43
SCI-WAYMART

INSTITUTION

Kathleen Zwierzyna
KATHLEEN ZWIERZYNA
BOARD SECRETARY

NOTICE OF BOARD DECISION
PBPP-15(6/96)

## COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE: 07/13/2000

CLIENT NAME: MICHAEL RUSSELL  
INSTITUTION: SCI - WAYMART

PAROLE NO: 619AF  
INSTITUTION NO: CM0064

AS RECORDED ON 07/13/2000 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY OF THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE. YOU ARE THEREFORE REFUSED PAROLE AND ORDERED TO:

BE REVIEWED IN OR AFTER JUNE, 2001.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER: WHETHER YOU HAVE CONTINUED TO RECEIVE A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.
WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

*KLS 07/13/2000



RECEIVED-PBPP
2000 JUL 26 AM 6:58
SCI-WAYMART

INSTITUTION

KATHLEEN ZWIERZYNA  
BOARD SECRETARY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RUSSELL, | : | |
| Petitioner | : | Civil No. 1:CV-00-2182 |
| v. | : | |
| MARTIN HORN, et al., | : | (Judge Caldwell) |
| Respondents | : | |

### CERTIFICATE OF SERVICE

I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, Respondents' Answer to Petition for Writ of Habeas Corpus by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA, addressed to the following:

Michael Russell, CM-0064
SCI-Waymart
P.O. Box 256 Route 6
Waymart, PA 18472-0256

MICHAEL L. HARVEY
SENIOR DEPUTY ATTORNEY GENERAL

DATE: March 16, 2001