IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RUSSELL, | : | |
| Petitioner | : | Civil No. 1:CV-00-2182 |
| v. | : | |
| MARTIN HORN, et al., | : | (Judge Caldwell) |
| Respondents | : | |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' ANSWER TO PETITION FOR HABEAS CORPUS

### PROCEDURAL HISTORY

This is a petition for habeas corpus in which the petitioner seeks release from custody on parole. The petitioner is Michael Russell, an inmate incarcerated in the State Correctional Institution at Waymart (SCI-Waymart). Named as respondents are Martin F. Horn, former Secretary of Corrections; Raymond J. Colleran, the superintendent of SCI-Waymart; the Scranton Community Corrections Center and the Pennsylvania Board of Probation and Parole.

Respondents have answered the petition. This memorandum of law is submitted in support of respondents' answer.

### STATEMENT OF FACTS

Michael Russell is presently serving a sentence of not less than five, nor more than ten, years of incarceration for robbery, possession of an instrument of a crime and conspiracy. His minimum sentence expired on July 20, 1999, and his maximum expiration date is presently July 20, 2004. Russell was received in the state correctional system on August 2, 1994. On November 7, 1994, Russell was transferred to the State Correctional Institution at Waymart.

Russell was approved for a pre-release residency program in the Scranton Community Corrections Center, and he was transferred there on September 21, 1998.

On September 5, 1999, at approximately 7:10 P.M., a confidential informant came to the Scranton Community Corrections Center and reported to staff there that Russell was selling narcotics. Staff made a security check of Russell's locker. They found no evidence of narcotics but, instead, discovered $1,500.00 in small denominations and numerous pairs of new shoes. At the time of the security check, Russell was employed in the maintenance department of the Community Medical Center in Scranton and was earning $7.50 per hour.

Russell was confronted with this evidence and was asked for an explanation of how he came to posses the $1,500.00 and the clothes. At the time, Russell did not provide a plausible explanation to staff for the clothes and cash.

On September 5, 1999, Russell was transferred to the State Correctional Institution at Dallas pending the outcome of an investigation into the allegations of the informant. An administrative custody hearing was conducted on September 9, 1999. At that time it was determined to keep Russell in administrative custody at SCI-Dallas until he was medically cleared for transfer back to SCI-Waymart. On October 13, 1999, Russell was returned to SCI-Waymart.

The investigation was completed but no criminal charges or institutional misconduct charges were ever brought against Russell based on the allegations of the confidential informant. Because, however, the evidence raised questions about Russell's possible involvement in narcotics sales, it was determined that he would not be returned to the Scranton Community Corrections Center. Russell has never had a hearing on the decision to keep him at SCI-

2

Waymart.

On August 30, 1999, Russell's parole was approved, pending an approved plan. Russell, however, was never signed out on parole. On October 14, 1999, the Board rescinded their action approving parole due to this return from the community corrections center. Russell did not have a hearing prior to the rescission of his parole approval.

## STATEMENT OF QUESTIONS INVOLVED

1.  Should the petition for habeas corpus be denied because Russell has failed to exhaust state remedies?

2.  Should the petition for habeas corpus be denied because Russell was not entitled to a hearing in connection with either the revocation of his pre-release status or the rescission of his parole prior to release?

## ARGUMENT

### I. THE PETITION FOR HABEAS CORPUS SHOULD BE DENIED BECAUSE RUSSELL HAS FAILED TO EXHAUST STATE REMEDIES

Russell claims in his letter to the clerk of courts that he attempted to exhaust state remedies by filing a petition for writ of habeas corpus in the Superior Court of Pennsylvania. Russell, however, has not filed the proper action in state court challenging a Parole Board decision denying parole and, therefore, he has not exhausted available state remedies.

A prisoner challenging a parole decision may file an original action in Commonwealth Court. 42 Pa.C.S. §761. Although the Pennsylvania courts do not sit to review the Board's denial of parole on procedural grounds or to second-guess the Board's decision, see Rogers v. Pennsylvania Board of Probation and Parole, 724 A.2d 319 (Pa. Supreme Ct. 1999); Weaver v.

3

Pennsylvania Board of Probation and Parole, 688 A.2d 766 (Pa. Cmwlth. 1997), review of constitutional issues is available in the state courts.

In Rogers, the Supreme Court concluded that decisions to not parole an applicant are neither adjudications under the Administrative Agency Law, 2 Pa.C.S. §101, et seq., nor involve a protectible liberty interest under the Fourteenth Amendment's Due Process Clause. Therefore, a disappointed applicant is foreclosed from seeking state judicial review simply because the Board has decided to deny parole - - he can not go to state court contending that the Board's decision is arbitrary or capricious.

However, this does not end the inquiry. As revealed in the dicta contained in footnote 5 of the majority's opinion, "[w]hile appellants are not entitled to appellate review of Parole Board decision, they may be entitled to pursue allegations of constitutional violations against the Parole Board through a writ of mandamus, or through an action under 42 U.S.C. §1983." Id., at 325 n.5. Given this language, respondents continue to believe that there are avenues for review available in a state forum whenever a petitioner contends that the Board's decision violates the U.S. Constitution.

Here, Russell has made allegations of constitutional violations and may seek relief either in equity or in mandamus against the Board in Commonwealth Court. His failure to do so precludes this action.

II. **THE PETITION FOR HABEAS CORPUS SHOULD BE DENIED BECAUSE RUSSELL WAS NOT ENTITLED TO A HEARING IN CONNECTION WITH EITHER THE REVOCATION OF HIS PRE-RELEASE STATUS OR THE RESCISSION OF HIS PAROLE PRIOR TO RELEASE**

Russell appears to argue that he was denied due process both in the revocation of his pre-

release status and the rescission of his parole approval. Both arguments must be rejected because Russell did not have a liberty interest in either pre-release or the approval of his parole.

In Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 2298-99 (1995), the Court limited the liberty interests of a prisoner which are entitle to receive due process protection to those actions by the state which exceed the sentence of the prisoner or "impose[s] atypical and significant hardship on the inmate." As recognized by district courts within this circuit, loss of pre-release status is a matter of discretion which does not impose an atypical and significant hardship on inmates. Clark v. Neal, 890 F.Supp 345, 351 (D.Del. 1995); see Wright v. Cuylor, 517 F.Supp. 637, 640 (E.D.Pa. 1981); (Reider v. Bureau of Corrections, 93 Pa. Cmmw. 326, 333-34, 502 A.2d 272, 275-76 (1985); Lott v. Arroyo, 785 F.Supp 5088, 509 (E.D. Pa. 1991) (pre-Sandin cases holding that pre-release status is not a liberty interest under more exacting standard of Hewitt v. Helms, 459 U.S. 460 (1983)). Thus, Russell was not entitled to a hearing when his pre-release status was revoked.

Likewise, a parole board order granting parole does not create a protected liberty interest until the prisoner has actually been released. Jago v. Van Curen, 454 U.S. 14, 21 (1981). Indeed, a decision granting parole upon meeting certain conditions does not impart the status of parole upon the candidate. Johnson v. Rendell, 56 F.Supp. 2d 547, 551-52 (E.D.Pa. 1999). As such, the parole candidate has "no liberty interest or entitlement to parole that must be protected with procedural safeguards." Jubilee v. Horn, 959 F.Supp. 276 (E.D. Pa. 1997). Here, Russell had been paroled conditioned upon an approved plan, but had never been signed out on parole. Therefore, Russell has not been denied a liberty interest and had no entitlement to hearing under the due process clause.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus should be denied.

                                              Respectfully submitted,

                                              D. MICHAEL FISHER
                                              Attorney General

BY: *[signature]*

                                              MICHAEL L. HARVEY
                                              Senior Deputy Attorney General

                                              SUSAN J. FORNEY
                                              Chief Deputy Attorney General
                                              Chief, Litigation Section

15th Floor, Strawberry Square
Harrisburg, PA 17120
PHONE: (717) 783-6896
FAX: (717) 772-4526
DATE: March 16, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL RUSSELL,            :
                            :
    Petitioner              :    Civil No. 1:CV-00-2182
                            :
        v.                  :
                            :
MARTIN HORN, et al.,        :    (Judge Caldwell)
                            :
    Respondents             :

## CERTIFICATE OF SERVICE

I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, Memorandum of Law in Support of Respondents' Answer to Petition for Writ of Habeas Corpus by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA, addressed to the following:

Michael Russell, CM-0064
SCI-Waymart
P.O. Box 256 Route 6
Waymart, PA 18472-0256

MICHAEL L. HARVEY
SENIOR DEPUTY ATTORNEY GENERAL

**DATE: March 16, 2001**